IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**RENEE A. REESE**                                                                        **PLAINTIFF**

v.                                        Case No. 2:19-cv-00007 KGB

**CORRECT CARE SOLUTIONS, LLC**                                            **DEFENDANT**

## ORDER

Before the Court is a motion to dismiss filed by Correct Care Solutions, LLC, now known as Wellpath Recovery Solutions, LLC ("Correct Care") (Dkt. No. 3). Plaintiff Renee Reese responded in opposition to the motion (Dkt. No. 7). Correct Care filed a motion for leave to file reply brief in support of its motion to dismiss (Dkt. No. 8). For good cause shown, the Court grants Correct Care's motion for leave to file reply and directs Correct Care to file its reply within 10 days from the entry of this Order (Dkt. No. 8). To resolve the pending motions, the Court has considered Correct Care's reply (Dkt. No. 8-1). The Court grants Correct Care's motion to dismiss and dismisses with prejudice as time-barred Ms. Reese's complaint (Dkt. No. 3). Correct Care's motion to stay Rule 26(f) report deadline is denied as moot (Dkt. No. 9).

Correct Care, in its motion to dismiss, maintains that Ms. Reese's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Dkt. No. 3, at 1). Fed. R. Civ. P. 12(b)(6). Correct Care contends that Ms. Reese's complaint alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), but that her claims are time barred because she failed to file her complaint within 90 days of her receipt of a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 3, at 1). Alternatively, Correct Care argues that its motion for summary judgment, filed in the earlier identical case *Reese v. Correct*

*Care Solutions, LLC*, Case No. 2:16-cv-00046 KGB (the "First Case"), should be granted (*Id.*). Further, Correct Care requests its fees and costs in this case pursuant to this Court's prior Order in the First Case (*Id.*).

This is a re-filing of an earlier case, the First Case, that dismissed Ms. Reese's complaint without prejudice. Ms. Reese was in the First Case and is currently represented by counsel. In her first amended complaint in the First Case, Ms. Reese stated:

> Jurisdiction in this court is appropriate pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) as Plaintiff alleges deprivation of constitutional rights guaranteed by Amendments 4, 5, and 14 of the United States Constitution. . . . The Plaintiff did lodge a timely compliant [sic] or charge of discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC) (See Exhibit 1). On or about December 28, 2015, the Plaintiff received her Right to Sue Letter from the EEOC (See Exhibit 2).

(Dkt. No. 5, ¶ 1).

As for Correct Care's purported wrongdoing, Ms. Reese alleges that she "was removed from her position, suspended and discharged because of her race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*, ¶ 14). Correct Care, in its filings, correctly recites the procedural history of the First Case. While Correct Care's motion for summary judgment was pending, Ms. Reese moved to dismiss without prejudice her amended complaint in the First Case. The Court granted Ms. Reese's motion but imposed conditions.

In the current case, Ms. Reese makes the same allegations with respect to jurisdiction and Correct Care's alleged wrongdoing (Dkt. No. 1, ¶¶ 1, 14). Based on a plain reading of the complaints and amended complaints Ms. Reese filed in the First Case and files now, the Court rejects any suggestion that Ms. Reese alleges any claim other than a Title VII claim against Correct Care. Ms. Reese's current Title VII claim, which is the only claim she alleged in the First Case

and the only claim she alleges now against Correct Care, is time barred and dismissed with prejudice.

A suit filed under Title VII must be brought within 90 days after the receipt of the Notice of Right to Sue issued by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Williams v. Thomson*, Corp., 383 F.3d 789 (8th Cir. 2004); *Maeqdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051 (8th Cir. 2002). Because the statute of limitations is an affirmative defense that the defendant must plead and prove, under Federal Rule of Civil Procedure 8(c)(1), "untimeliness" generally will not provide a basis for a Rule 12(b)(6) dismissal. Fed. R. Civ. P. 8(c)(1). However, an action may be dismissed, as barred by the statute of limitations, where a plaintiff's own pleadings establish the defense. *McDaniel v. Kraft Glob. Foods*, 632 F. App'x 314, 315 (8th Cir. 2016) (concluding dismissal was proper where plaintiff's own pleadings showed that she brought her lawsuit more than 90 days after receiving a right-to-sue notice from the EEOC and tolling of the limitations period was not warranted); *see also Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004)).

Although the 90-day limitations period is subject to equitable tolling in appropriate circumstances, courts have generally reserved the remedy of equitable tolling for situations in which the reasons for the delay were beyond the control of the plaintiff. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands."), *cert. denied*, 498 U.S. 1026 (1991); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (finding that equitable tolling was not appropriate when the plaintiff did not inform the EEOC of her new address). Here, Ms. Reese's

current complaint does not allege any circumstances that might justify equitable tolling of the limitations period, and, based on the record in this and the First Case, the Court is aware of no such circumstances.

Additionally, Arkansas Code Annotated § 16-56-126, which gives a plaintiff one year to refile an action after a nonsuit, will not save Ms. Reese's Title VII claim. The Arkansas savings statute does not apply to lawsuits brought under Title VII. *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983) (stating that "[b]ecause Title VII actions are governed by a federal statute of limitations, the Arkansas saving[s] clause is inapplicable" (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946))). Furthermore, the Eighth Circuit has held that, under Title VII, a dismissal without prejudice operates to leave a plaintiff as if no action had been filed. *Id.* (citing *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1194 (8th Cir. 1976)). Thus, any dismissal of a Title VII case that occurs, as it did here, more than 90 days after the right to sue letter issued is, in substance, with prejudice.

For these reasons, the Court grants Correct Care's motion for leave to file reply and directs Correct Care to file its reply within 10 days from the entry of this Order (Dkt. No. 8). The Court grants Correct Care's motion to dismiss and dismisses with prejudice as time-barred Ms. Reese's complaint (Dkt. Nos. 1, 3). The Court denies Correct Care's motion to stay Rule 26(f) report deadline as moot (Dkt. No. 9).

So ordered this the 17th day of September, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge